# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Marsha Hopkins,**
**Defendant Below, Petitioner**

**FILED**

**February 11, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-0448** (Kanawha County 06-C-1362)

**Sherry Henson,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marsha Hopkins, by counsel Richard E. Holtzapfel and David A. Holtzapfel, appeals the January 6, 2012 order of the Circuit Court of Kanawha County that denied her motion to amend judgment. Respondent Sherry Henson, by counsel Harold Albertson, has filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent initiated this civil action in July of 2006, and a bench trial was scheduled for October 6, 2009. Settlement negotiations were ongoing throughout the pendency of the proceedings, and the October trial date was eventually removed from the circuit court's calendar when petitioner's former counsel informed the court that the matter had been settled. Despite this representation, various aspects of the case continued, and a new trial date was set for February 14, 2011. On September 28, 2010, respondent filed a motion to enforce a settlement agreement, and the circuit court held a hearing on the same during which it granted the motion. Thereafter, petitioner filed a motion to amend the judgment and the circuit court denied the same by order entered on January 6, 2012.

On appeal, petitioner alleges that the circuit court erred in granting respondent's motion to enforce settlement, arguing that respondent failed to present any evidence that petitioner assented to a settlement and that the circuit court's decision was based entirely on hearsay. Petitioner also argues that the circumstances indicate that a settlement was never reached because the agreement was never memorialized, certain emails prove settlement negotiations were ongoing three months after the previously scheduled trial date, and the case activity indicates that neither party believed a settlement was reached. Lastly, petitioner argues that the circuit court's decision should be reversed for public policy reasons related to the chilling effect this ruling would have on future settlement negotiations. In response, respondent argues that the

1

evidence properly admitted below confirms that a settlement was reached, and the circuit court appropriately enforced the same.

This Court has previously held that

"[t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998).

Syl. Pt. 1, *Affiliated Constr. Trades Found. v. Univ. of W.Va. Bd. of Tr.*, 210 W.Va. 456, 557 S.E.2d 863 (2001). Further,

"[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to *de novo* review." Syllabus point 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 5, *Peters v. Rivers Edge Mining, Inc.*, 224 W.Va. 160, 680 S.E.2d 791 (2009). Upon our review, we find the circuit court did not err in granting respondent's motion to enforce the settlement agreement. Regarding petitioner's argument that the circuit court relied entirely upon hearsay in establishing that a settlement agreement was reached, a review of the record shows that the circuit court based its decision on properly admitted evidence. First, the circuit court noted that its own internal records indicated that it received a phone call from petitioner's prior counsel stating that the matter was settled. This does not constitute hearsay evidence and the circuit court properly took judicial notice of the call. Further, the circuit court relied upon emails exchanged between respondent's counsel and an employee who worked in the office of petitioner's prior counsel. The emails included terms to be included in a proposed document titled "Order of Confession of Judgment and Dismissal of Related Matters." Importantly, respondent's counsel was sworn as a witness in the proceedings below and directly testified to his participation in these conversations. As such, the Court finds no error in the circuit court relying on information gleaned from this witness concerning the discussions he had with petitioner's prior counsel's office regarding the terms of their settlement agreement.

As to petitioner's allegation that respondent failed to present evidence proving that petitioner assented to a settlement, the Court finds no merit in this argument. As addressed above, the circuit court was presented with sufficient evidence to establish that a settlement agreement was reached, petitioner's contradictory testimony notwithstanding. Further, the circuit court finds no merit in petitioner's arguments that circumstances indicate that a settlement was never reached or that the circuit court's decision should be reversed for public policy reasons.

2

For the foregoing reasons, we find no error in the decision of the circuit court and its order granting respondent's motion to enforce the settlement agreement is affirmed.

Affirmed.

**ISSUED: February 11, 2013**

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II